IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

DANGELO SHAUN LUX
and LORENZO NETTLES,

       Plaintiffs,

                              Case No. 20-CV-01057

    v.

CITY OF WHITEWATER, A MUNICIPAL
CORPORATION; CITY OF WHITEWATER CHIEF OF
POLICE AARON RAAP,
ADAM VANDER STEEG POLICE OFFICER,
MIKE ZENS POLICE OFFICER,
JUSTIN STUPPY POLICE OFFICER,
WALWORTH COUNTY, A MUNICIPAL CORPORATION,
DEPUTY RICHARD JOHNSON, and
WALWORTH COUNTY,

       Defendants.

---

**WALWORTH COUNTY AND DEPUTY RICHARD JOHNSON'S
RESPONSES TO PLAINTIFF'S PROPOSED FINDINGS OF FACT IN OPPOSITION
TO WALWORTH COUNTY AND DPUTY RICHARD JOHNSON'S
MOTION FOR SUMMARY JUDGMENT**

---

Defendants, Walworth County and Deputy Richard Johnson (the "answering County

Defendants"), by their attorneys, Crivello Carlson, S.C., answer response to Plaintiff's Proposed

Findings of Facts as follows:

1.      In the early morning of September 20, 2018, Dangelo Lux ("Lux") and Shaun

Nettles ("Nettles") left a bar in Whitewater, Wisconsin. (Declaration of Dangelo Lux ("Lux

Aff."), ¶4).

**RESPONSE: Objection. This Proposed Fact is not material to the County**

**Defendants' Motion because it does not "'affect the outcome of the suit [against Deputy**

Johnson] under the governing law . . . .'" *Felton v. Teel Plastics, Inc.*, 724 F. Supp. 2d 941, 958 (W.D. Wis. 2010) (quoting *Jenkins v. Barlett*, 487 F.3d 482, 492 (7th Cir. 2007)).

    2.      As Lux and Nettles were leaving the bar, a group of individuals from across the street started shouting at Lux. (Lux Aff., ¶5-7).

**RESPONSE: Objection. This Proposed Fact is not material to the County Defendants' Motion because it does not "'affect the outcome of the suit [against Deputy Johnson] under the governing law . . . .'" *Felton v. Teel Plastics, Inc.*, 724 F. Supp. 2d 941, 958 (W.D. Wis. 2010) (quoting *Jenkins v. Barlett*, 487 F.3d 482, 492 (7th Cir. 2007)).**

    3.      Lux and Nettles are both African American males. (Lux Aff., ¶3); (Declaration of Lorenzo Nettles ("Nettles Aff."), ¶3).

**RESPONSE: Objection. This Proposed Fact is not material to the County Defendants' Motion because it does not "'affect the outcome of the suit [against Deputy Johnson] under the governing law . . . .'" *Felton v. Teel Plastics, Inc.*, 724 F. Supp. 2d 941, 958 (W.D. Wis. 2010) (quoting *Jenkins v. Barlett*, 487 F.3d 482, 492 (7th Cir. 2007)).**

    4.      Lux recognized these individuals as persons who had assaulted him earlier in the week. (Lux Aff., ¶5-7).

**RESPONSE: Objection. This Proposed Fact is not material to the County Defendants' Motion because it does not "'affect the outcome of the suit [against Deputy Johnson] under the governing law . . . .'" *Felton v. Teel Plastics, Inc.*, 724 F. Supp. 2d 941, 958 (W.D. Wis. 2010) (quoting *Jenkins v. Barlett*, 487 F.3d 482, 492 (7th Cir. 2007)).**

    5.      Lux yelled back at the individuals from across the street. (Lux Aff., ¶5-7); (Nettles Aff., ¶5-7).

**RESPONSE: Objection. This Proposed Fact is not material to the County Defendants' Motion because it does not "'affect the outcome of the suit [against Deputy Johnson] under the governing law . . . .'"** *Felton v. Teel Plastics, Inc.*, **724 F. Supp. 2d 941, 958 (W.D. Wis. 2010) (quoting** *Jenkins v. Barlett*, **487 F.3d 482, 492 (7th Cir. 2007)).**

6.      At no time during this confrontation did Lux or Nettles approach these individuals or engage in any physical altercation with these individuals. Id.

**RESPONSE: Objection. This Proposed Fact is not material to the County Defendants' Motion because it does not "'affect the outcome of the suit [against Deputy Johnson] under the governing law . . . .'"** *Felton v. Teel Plastics, Inc.*, **724 F. Supp. 2d 941, 958 (W.D. Wis. 2010) (quoting** *Jenkins v. Barlett*, **487 F.3d 482, 492 (7th Cir. 2007)).**

7.      City of Whitewater police officered arrived outside of the bar as Lux continued to exchange words with individuals from across the street. (Lux Aff., ¶8-10); (Nettles Aff., ¶7-12).

**RESPONSE: Objection. This Proposed Fact is not material to the County Defendants' Motion because it does not "'affect the outcome of the suit [against Deputy Johnson] under the governing law . . . .'"** *Felton v. Teel Plastics, Inc.*, **724 F. Supp. 2d 941, 958 (W.D. Wis. 2010) (quoting** *Jenkins v. Barlett*, **487 F.3d 482, 492 (7th Cir. 2007)).**

8.      At no time did Lux have to be separated from these individuals as they were always across the street from him. (Lux Aff., ¶7); (Nettles Aff., ¶6).

**RESPONSE: Objection. This Proposed Fact is not material to the County Defendants' Motion because it does not "'affect the outcome of the suit [against Deputy Johnson] under the governing law . . . .'"** *Felton v. Teel Plastics, Inc.*, **724 F. Supp. 2d 941, 958 (W.D. Wis. 2010) (quoting** *Jenkins v. Barlett*, **487 F.3d 482, 492 (7th Cir. 2007)).**

9. City of Whitewater police officers only approached Lux and did not approach the group of individuals across the street who had previously assaulted Lux. (Lux Aff., ¶10); (Nettles Aff., ¶8).

**RESPONSE: Objection. This Proposed Fact is not material to the County Defendants' Motion because it does not "'affect the outcome of the suit [against Deputy Johnson] under the governing law . . . .'"** *Felton v. Teel Plastics, Inc*., **724 F. Supp. 2d 941, 958 (W.D. Wis. 2010) (quoting** *Jenkins v. Barlett*, **487 F.3d 482, 492 (7th Cir. 2007)).**

10. Sergeant Martin spoke with Lux regarding the confrontation but did not have to "separate" him as the individuals were across the street at all times during their exchange of words. (Lux Aff., ¶8-10); (Nettles Aff., ¶7-12).

**RESPONSE: Objection. This Proposed Fact is not material to the County Defendants' Motion because it does not "'affect the outcome of the suit [against Deputy Johnson] under the governing law . . . .'"** *Felton v. Teel Plastics, Inc*., **724 F. Supp. 2d 941, 958 (W.D. Wis. 2010) (quoting** *Jenkins v. Barlett*, **487 F.3d 482, 492 (7th Cir. 2007)).**

11. Sergeant Martin requested Lux's driver's license which Lux complied. (Martin Decl. ¶ 2, Ex. 1, Martin Body Camera Footage at 0:30-5:00).

**RESPONSE: Objection. This Proposed Fact is not material to the County Defendants' Motion because it does not "'affect the outcome of the suit [against Deputy Johnson] under the governing law . . . .'"** *Felton v. Teel Plastics, Inc*., **724 F. Supp. 2d 941, 958 (W.D. Wis. 2010) (quoting** *Jenkins v. Barlett*, **487 F.3d 482, 492 (7th Cir. 2007)).**

12. Lux had consumed alcohol that night/early morning but was of legal age and was not driving that night/early morning. (Plaintiffs' Response to Whitewater Defendant's Proposed Findings of Fact; ¶17-18).

**RESPONSE: Undisputed.**

13.     Lux informed Sergeant Martin that the individuals that were yelling at him, had previously assaulted him. (Nettles Aff., ¶10).

**RESPONSE: Objection. This Proposed Fact is not material to the County Defendants' Motion because it does not "'affect the outcome of the suit [against Deputy Johnson] under the governing law . . . .'"** *Felton v. Teel Plastics, Inc.***, 724 F. Supp. 2d 941, 958 (W.D. Wis. 2010) (quoting** *Jenkins v. Barlett***, 487 F.3d 482, 492 (7th Cir. 2007)).**

14.     Sergeant Martin requested that Lux walk home. (Lux Aff., ¶9); (Nettles Aff., ¶11-12).

**RESPONSE: Objection. This Proposed Fact is not material to the County Defendants' Motion because it does not "'affect the outcome of the suit [against Deputy Johnson] under the governing law . . . .'"** *Felton v. Teel Plastics, Inc.***, 724 F. Supp. 2d 941, 958 (W.D. Wis. 2010) (quoting** *Jenkins v. Barlett***, 487 F.3d 482, 492 (7th Cir. 2007)).**

15.     Nettles assured Sergeant Martin that Lux was fine and that they would walk back to their house together. (Nettles Aff., ¶9-12).

**RESPONSE: Objection. This Proposed Fact is not material to the County Defendants' Motion because it does not "'affect the outcome of the suit [against Deputy Johnson] under the governing law . . . .'"** *Felton v. Teel Plastics, Inc.***, 724 F. Supp. 2d 941, 958 (W.D. Wis. 2010) (quoting** *Jenkins v. Barlett***, 487 F.3d 482, 492 (7th Cir. 2007)).**

16.     Lux complied with Sergeant Martin's request, shook Sergeant Martin's hand, and began walking back to his house with Nettles. (Lux Aff., ¶9-10); (Nettles Aff., ¶9-12).

**RESPONSE: Objection. This Proposed Fact is not material to the County Defendants' Motion because it does not "'affect the outcome of the suit [against Deputy**

Johnson] under the governing law . . . .'" *Felton v. Teel Plastics, Inc.*, 724 F. Supp. 2d 941, 958 (W.D. Wis. 2010) (quoting *Jenkins v. Barlett*, 487 F.3d 482, 492 (7th Cir. 2007)).

<u>Lieutenant Vander Steeg approaches Lux and Nettles on their walk home</u>

17.     Approximately ten minutes into Lux and Nettles' walk home, they noticed a friend and former football teammate, Jack Piper ("Piper") walking ahead of them. (Lux Aff., ¶11-16); (Nettles Aff., ¶13-16) (Lang Aff., ¶6, Ex. D Vander Steeg Body Cam Footage of Piper Interview at 0:46-0:50).

**RESPONSE: Objection. This Proposed Fact is not material to the County Defendants' Motion because it does not "'affect the outcome of the suit [against Deputy Johnson] under the governing law . . . .'" *Felton v. Teel Plastics, Inc.*, 724 F. Supp. 2d 941, 958 (W.D. Wis. 2010) (quoting *Jenkins v. Barlett*, 487 F.3d 482, 492 (7th Cir. 2007)).**

18.     Lux called out to Piper as Lux wanted to ask him about the people who had previously assaulted him. (Lux Aff., ¶11-16); (Nettles Aff., ¶13-16).

**RESPONSE: Objection. This Proposed Fact is not material to the County Defendants' Motion because it does not "'affect the outcome of the suit [against Deputy Johnson] under the governing law . . . .'" *Felton v. Teel Plastics, Inc.*, 724 F. Supp. 2d 941, 958 (W.D. Wis. 2010) (quoting *Jenkins v. Barlett*, 487 F.3d 482, 492 (7th Cir. 2007)).**

19.     Lux began asking Piper about the previous incident where Lux was assaulted. (Lux Aff., ¶11-16); (Nettles Aff., ¶13-16).

**RESPONSE: Objection. This Proposed Fact is not material to the County Defendants' Motion because it does not "'affect the outcome of the suit [against Deputy Johnson] under the governing law . . . .'" *Felton v. Teel Plastics, Inc.*, 724 F. Supp. 2d 941, 958 (W.D. Wis. 2010) (quoting *Jenkins v. Barlett*, 487 F.3d 482, 492 (7th Cir. 2007)).**

20.     Lux, Nettles, and Piper were all conversing in the street, talking at normal volume. (Lux Aff., ¶11-16); (Nettles Aff., ¶13-16).

**RESPONSE: Objection. This Proposed Fact is not material to the County Defendants' Motion because it does not "'affect the outcome of the suit [against Deputy Johnson] under the governing law . . . .'"** *Felton v. Teel Plastics, Inc.*, **724 F. Supp. 2d 941, 958 (W.D. Wis. 2010) (quoting** *Jenkins v. Barlett*, **487 F.3d 482, 492 (7th Cir. 2007)).**

21.     Lux and Nettles did not physically touch Piper, and Piper did not physically touch Lux or Nettles. (Lux Aff., ¶11-16); (Nettles Aff., ¶13-16).

**RESPONSE: Objection. This Proposed Fact is not material to the County Defendants' Motion because it does not "'affect the outcome of the suit [against Deputy Johnson] under the governing law . . . .'"** *Felton v. Teel Plastics, Inc.*, **724 F. Supp. 2d 941, 958 (W.D. Wis. 2010) (quoting** *Jenkins v. Barlett*, **487 F.3d 482, 492 (7th Cir. 2007)).**

22.     During this conversation it was raining as it had been all night. (Lux Aff., ¶35, 39); (Nettles Aff., ¶18).

**RESPONSE: Objection. This Proposed Fact is not material to the County Defendants' Motion because it does not "'affect the outcome of the suit [against Deputy Johnson] under the governing law . . . .'"** *Felton v. Teel Plastics, Inc.*, **724 F. Supp. 2d 941, 958 (W.D. Wis. 2010) (quoting** *Jenkins v. Barlett*, **487 F.3d 482, 492 (7th Cir. 2007)).**

23.     Lux, Nettles and Piper were all talking in a non-aggressive manner and no physical confrontation ever occurred between them. (Lux Aff., ¶11-16); (Nettles Aff., ¶13-16).

**RESPONSE: Objection. This Proposed Fact is not material to the County Defendants' Motion because it does not "'affect the outcome of the suit [against Deputy**

Johnson] under the governing law . . . .'" *Felton v. Teel Plastics, Inc.*, 724 F. Supp. 2d 941, 958 (W.D. Wis. 2010) (quoting *Jenkins v. Barlett*, 487 F.3d 482, 492 (7th Cir. 2007)).

24.     When interviewed later, Piper stated to Vander Steeg that Lux and Nettles are nice guys and that he was not disturbed by their actions prior to Vander Steeg approaching them. (Lang Aff. ¶6, Ex. D, 3:00 – 3:30).

**RESPONSE: Objection. This Proposed Fact is not material to the County Defendants' Motion because it does not "'affect the outcome of the suit [against Deputy Johnson] under the governing law . . . .'" *Felton v. Teel Plastics, Inc.*, 724 F. Supp. 2d 941, 958 (W.D. Wis. 2010) (quoting *Jenkins v. Barlett*, 487 F.3d 482, 492 (7th Cir. 2007)).**

25.     While Lux, Nettles and Piper were talking, they saw City of Whitewater police car driving towards them without its lights on. (Lux Aff., ¶18); (Nettles Aff., ¶17-18).

**RESPONSE: Objection. This Proposed Fact is not material to the County Defendants' Motion because it does not "'affect the outcome of the suit [against Deputy Johnson] under the governing law . . . .'" *Felton v. Teel Plastics, Inc.*, 724 F. Supp. 2d 941, 958 (W.D. Wis. 2010) (quoting *Jenkins v. Barlett*, 487 F.3d 482, 492 (7th Cir. 2007)).**

26.     The officer diving the vehicle was Defendant Vander Steeg. (D. 58, Whitewater Defendants Amended Proposed Finding of Fact, ¶32). (Affidavit of David J. Lang ("Lang Aff."), ¶3, Ex. A Body Camera Footage of Vander Steeg ("Vander Steeg BC"), at 0:01-1:04).

**RESPONSE: Undisputed.**

27.     Vander Steeg was stationed in a Toppers parking lot before approaching the Plaintiffs. (Vander Steeg BC, 0:01-1:04).

**RESPONSE: Undisputed.**

28. From Vander Steeg's initial position, he had to drive for over a minute to get to Lux and Nettles. (Vander Steeg BC, 0:01-1:04).

**RESPONSE: Objection. This Proposed Fact is not material to the County Defendants' Motion because it does not "'affect the outcome of the suit [against Deputy Johnson] under the governing law . . . .'"** *Felton v. Teel Plastics, Inc*., **724 F. Supp. 2d 941, 958 (W.D. Wis. 2010) (quoting** *Jenkins v. Barlett*, **487 F.3d 482, 492 (7th Cir. 2007)).**

**Further object on the basis that Plaintiffs lack personal knowledge to attest to those facts under Fed. R. Civ. P. 56(c)(4). Speculation and conclusory allegations will not suffice to defeat summary judgment.** *Gobitz v. Corvilla, Inc*., **196 F.3d 879, 882 (7th Cir. 1999);** *Eisenstadt v. Centel Corp*., **113 F.3d 738, 742 (7th Cir. 1997); s***ee also Mills v. First Federal Savings & Loan*, **83 F.3d 833, 840 (7th Cir. 1996);** *Felton v. Teel Plastics, Inc*., **724 F. Supp. 2d 941, 958 (W.D. Wis. 2010) (A plaintiff cannot "defeat a motion for summary judgment simply by claiming that facts are disputed.").**

29. From Vander Steegs' initial position, combined with the rain, Vander Steeg would not have been able to hear what Lux and Piper were talking about. (Vander Steeg BC, 0:01-1:04); (Lux Aff., ¶11-16); (Nettles Aff., ¶13-16).

**RESPONSE: Objection. This Proposed Fact is not material to the County Defendants' Motion because it does not "'affect the outcome of the suit [against Deputy Johnson] under the governing law . . . .'"** *Felton v. Teel Plastics, Inc*., **724 F. Supp. 2d 941, 958 (W.D. Wis. 2010) (quoting** *Jenkins v. Barlett*, **487 F.3d 482, 492 (7th Cir. 2007)). Further object that speculation and conclusory allegations will not suffice to defeat summary judgment.** *Gobitz v. Corvilla, Inc.*, **196 F.3d 879, 882 (7th Cir. 1999);** *Eisenstadt v. Centel Corp*., **113 F.3d 738, 742 (7th Cir. 1997);** *see also Mills v. First Federal Savings &*

*Loan*, 83 F.3d 833, 840 (7th Cir. 1996); *Felton v. Teel Plastics, Inc.*, 724 F. Supp. 2d 941, 958 **(W.D. Wis. 2010) (A plaintiff cannot "defeat a motion for summary judgment simply by claiming that facts are disputed.").**

30.     As they were in the street, Lux and Nettles began walking away towards their house. (Lux Aff., ¶19-20); (Nettles Aff., ¶18-20).

**RESPONSE: Objection. This Proposed Fact is not material to the County Defendants' Motion because it does not "'affect the outcome of the suit [against Deputy Johnson] under the governing law . . . .'" *Felton v. Teel Plastics, Inc.*, 724 F. Supp. 2d 941, 958 (W.D. Wis. 2010) (quoting *Jenkins v. Barlett*, 487 F.3d 482, 492 (7th Cir. 2007)).**

31.     Lux immediately put his hands in the air. (Lang Aff, ¶3, Ex. A, Vander Steeg Body Cam at 1:12).

**RESPONSE: Objection. This Proposed Fact is not material to the County Defendants' Motion because it does not "'affect the outcome of the suit [against Deputy Johnson] under the governing law . . . .'" *Felton v. Teel Plastics, Inc.*, 724 F. Supp. 2d 941, 958 (W.D. Wis. 2010) (quoting *Jenkins v. Barlett*, 487 F.3d 482, 492 (7th Cir. 2007)).**

32.     As Lux and Nettles were walking away, Lieutenant Vander Steeg began shouting for everyone to "get over here." (Lux Aff., ¶21); (Nettles Aff., ¶13-16); (Lang Aff., Ex. A, Vander Steeg BC at 1:00-1:15).

**RESPONSE: Objection. This Proposed Fact is not material to the County Defendants' Motion because it does not "'affect the outcome of the suit [against Deputy Johnson] under the governing law . . . .'" *Felton v. Teel Plastics, Inc.*, 724 F. Supp. 2d 941, 958 (W.D. Wis. 2010) (quoting *Jenkins v. Barlett*, 487 F.3d 482, 492 (7th Cir. 2007)).**

33.     Lux and Nettles did not understand why Lieutenant Vander Steeg was calling them over as they had done nothing wrong or illegal. (Lux Aff., ¶24, 30,33); (Nettles Aff., ¶20-24).

**RESPONSE: Objection. This Proposed Fact is not material to the County Defendants' Motion because it does not "'affect the outcome of the suit [against Deputy Johnson] under the governing law . . . .'"** *Felton v. Teel Plastics, Inc*., **724 F. Supp. 2d 941, 958 (W.D. Wis. 2010) (quoting** *Jenkins v. Barlett*, **487 F.3d 482, 492 (7th Cir. 2007)).**

**Further object on the basis that the statement "they had done nothing wrong or illegal" is conclusory and Plaintiffs lack personal knowledge to attest to those facts under Fed. R. Civ. P. 56(c)(4). Speculation and conclusory allegations will not suffice to defeat summary judgment.** *Gobitz v. Corvilla, Inc*., **196 F.3d 879, 882 (7th Cir. 1999);** *Eisenstadt v. Centel Corp*., **113 F.3d 738, 742 (7th Cir. 1997);** *see also Mills v. First Federal Savings & Loan*, **83 F.3d 833, 840 (7th Cir. 1996);** *Felton v. Teel Plastics, Inc*., **724 F. Supp. 2d 941, 958 (W.D. Wis. 2010) (A plaintiff cannot "defeat a motion for summary judgment simply by claiming that facts are disputed.").**

34.     Lux and Nettles both walked approximately 4-6 steps away from Vander Steeg in the direction of their home. (Lux Aff., ¶23); (Nettles Aff., ¶20).

**RESPONSE: Objection. This Proposed Fact is not material to the County Defendants' Motion because it does not "'affect the outcome of the suit [against Deputy Johnson] under the governing law . . . .'"** *Felton v. Teel Plastics, Inc*., **724 F. Supp. 2d 941, 958 (W.D. Wis. 2010) (quoting** *Jenkins v. Barlett*, **487 F.3d 482, 492 (7th Cir. 2007)).**

35.     Vander Steeg ran past Piper to Lux. (Lux Aff., ¶22); (Nettles Aff., ¶21); (Lang Aff, ¶3, Ex. A, Vander Steeg BC at 1:15-1:22).

**RESPONSE: Objection. This Proposed Fact is not material to the County Defendants' Motion because it does not "'affect the outcome of the suit [against Deputy Johnson] under the governing law . . . .'"** *Felton v. Teel Plastics, Inc.*, **724 F. Supp. 2d 941, 958 (W.D. Wis. 2010) (quoting** *Jenkins v. Barlett*, **487 F.3d 482, 492 (7th Cir. 2007)).**

36.     Lux had stopped walking and had placed his hands behind his head. (Lux Aff., ¶22); (Nettles Aff., ¶21); Lang Aff, ¶3, Ex. A, Vander Steeg Body Cam at 1:22).

**RESPONSE: Objection. This Proposed Fact is not material to the County Defendants' Motion because it does not "'affect the outcome of the suit [against Deputy Johnson] under the governing law . . . .'"** *Felton v. Teel Plastics, Inc.*, **724 F. Supp. 2d 941, 958 (W.D. Wis. 2010) (quoting** *Jenkins v. Barlett*, **487 F.3d 482, 492 (7th Cir. 2007)).**

37.     Nettles stopped walking and turned around as instructed by Vander Steeg. (Lux Aff., ¶23); (Nettles Aff., ¶22); Lang Aff, ¶3, Ex. A, Vander Steeg Body Cam at 1:27).

**RESPONSE: Objection. This Proposed Fact is not material to the County Defendants' Motion because it does not "'affect the outcome of the suit [against Deputy Johnson] under the governing law . . . .'"** *Felton v. Teel Plastics, Inc.*, **724 F. Supp. 2d 941, 958 (W.D. Wis. 2010) (quoting** *Jenkins v. Barlett*, **487 F.3d 482, 492 (7th Cir. 2007)).**

38.     Vander Steeg grabbed Lux's arms that were behind his head and tried to twist Lux's arms behind his back. (Lux Aff., ¶23-30); (Nettles Aff., ¶22-28); (Lang Aff, ¶3, Ex. A, Vander Steeg Body Cam at 1:32-35).

**RESPONSE: Objection. This Proposed Fact is not material to the County Defendants' Motion because it does not "'affect the outcome of the suit [against Deputy Johnson] under the governing law . . . .'"** *Felton v. Teel Plastics, Inc.*, **724 F. Supp. 2d 941, 958 (W.D. Wis. 2010) (quoting** *Jenkins v. Barlett*, **487 F.3d 482, 492 (7th Cir. 2007)).**

39.     Lux was confused as to he was being grabbed by Vander Steeg and stated he didn't do anything wrong. (Lux Aff., ¶23-30); (Nettles Aff., ¶22-28); (Lang Aff, ¶3, Ex. A, Vander Steeg Body Cam at 1:20-1:25).

**RESPONSE: Objection. This Proposed Fact is not material to the County Defendants' Motion because it does not "'affect the outcome of the suit [against Deputy Johnson] under the governing law . . . .'"** *Felton v. Teel Plastics, Inc.***, 724 F. Supp. 2d 941, 958 (W.D. Wis. 2010) (quoting** *Jenkins v. Barlett***, 487 F.3d 482, 492 (7th Cir. 2007)).**

40.     While this occurred, Nettles was a few steps away, he did not approach, but pleaded with Vander Steeg that they had done nothing wrong. (Lux Aff., ¶32-33); (Nettles Aff., ¶22-28); (Lang Aff, ¶3, Ex. A, Vander Steeg Body Cam at 1:40-1:45).

**RESPONSE: Objection. This Proposed Fact is not material to the County Defendants' Motion because it does not "'affect the outcome of the suit [against Deputy Johnson] under the governing law . . . .'"** *Felton v. Teel Plastics, Inc.***, 724 F. Supp. 2d 941, 958 (W.D. Wis. 2010) (quoting** *Jenkins v. Barlett***, 487 F.3d 482, 492 (7th Cir. 2007)).**

41.     Vander Steeg threatened to taser Lux while he had control of Lux's arms. (Lux Aff., ¶28).

**RESPONSE: Objection. This Proposed Fact is not material to the County Defendants' Motion because it does not "'affect the outcome of the suit [against Deputy Johnson] under the governing law . . . .'"** *Felton v. Teel Plastics, Inc.***, 724 F. Supp. 2d 941, 958 (W.D. Wis. 2010) (quoting** *Jenkins v. Barlett***, 487 F.3d 482, 492 (7th Cir. 2007)).**

42.     Nettles did not come any closer to Vander Steeg as instructed. (Lux Aff., ¶32-33); (Nettles Aff., ¶26-27); (Lang Aff, ¶3, Ex. A, Vander Steeg Body Cam at 1:40-1:45).

**RESPONSE: Objection. This Proposed Fact is not material to the County Defendants' Motion because it does not "'affect the outcome of the suit [against Deputy Johnson] under the governing law . . . .'"** *Felton v. Teel Plastics, Inc.***, 724 F. Supp. 2d 941, 958 (W.D. Wis. 2010) (quoting** *Jenkins v. Barlett***, 487 F.3d 482, 492 (7th Cir. 2007)).**

43.     Lux was not actively resisting or struggling at this time. (Lux Aff., ¶30-33, 35); (Nettles Aff., ¶28-30); (Lang Aff, ¶3, Ex. A, Vander Steeg Body Cam at 1:30-1:48).

**RESPONSE: Objection. This Proposed Fact is not material to the County Defendants' Motion because it does not "'affect the outcome of the suit [against Deputy Johnson] under the governing law . . . .'"** *Felton v. Teel Plastics, Inc.***, 724 F. Supp. 2d 941, 958 (W.D. Wis. 2010) (quoting** *Jenkins v. Barlett***, 487 F.3d 482, 492 (7th Cir. 2007)).**

44.     Despite having control of Lux's arms, Vander Steeg called for backup. (Lux Aff., ¶34); (Nettles Aff., ¶31).

**RESPONSE: Objection. This Proposed Fact is not material to the County Defendants' Motion because it does not "'affect the outcome of the suit [against Deputy Johnson] under the governing law . . . .'"** *Felton v. Teel Plastics, Inc.***, 724 F. Supp. 2d 941, 958 (W.D. Wis. 2010) (quoting** *Jenkins v. Barlett***, 487 F.3d 482, 492 (7th Cir. 2007)).**

**Further object on the basis that whether Vander Steeg had "control" of Lux's arms is speculative and conclusory and these types of allegations will not suffice to defeat summary judgment.** *Gobitz v. Corvilla, Inc.***, 196 F.3d 879, 882 (7th Cir. 1999);** *Eisenstadt v. Centel Corp.***, 113 F.3d 738, 742 (7th Cir. 1997);** *see also Mills v. First Federal Savings & Loan***, 83 F.3d 833, 840 (7th Cir. 1996);** *Felton v. Teel Plastics, Inc.***, 724 F. Supp. 2d 941, 958 (W.D. Wis. 2010) (A plaintiff cannot "defeat a motion for summary judgment simply by claiming that facts are disputed.").**

<u>Vander Steeg's body camera turns off moments before he slams Lux into the ground and backup arrives</u>

45.     Lux's arms were wet from the rain that night and Vander Steeg briefly failed to grip Lux's arms but at no point during Vander Steeg's contact with Lux did Lux resist, pull his arms away, or struggle. (Lux Aff., ¶35); (Nettles Aff., ¶28-30).

**RESPONSE: Objection. This Proposed Fact is not material to the County Defendants' Motion because it does not "'affect the outcome of the suit [against Deputy Johnson] under the governing law . . . .'"** *Felton v. Teel Plastics, Inc*.**, 724 F. Supp. 2d 941, 958 (W.D. Wis. 2010) (quoting** *Jenkins v. Barlett***, 487 F.3d 482, 492 (7th Cir. 2007)).**

46.     Vander Steeg had full control of Lux and Lux's arms were behind his back when Vander Steeg's body camera turned off. (Lux Aff., ¶35-36); (Nettles Aff., ¶28-30); (Lang Aff, ¶3, Ex. A, Vander Steeg Body Cam at 1:45-1:48).

**RESPONSE: Objection. This Proposed Fact is not material to the County Defendants' Motion because it does not "'affect the outcome of the suit [against Deputy Johnson] under the governing law . . . .'"** *Felton v. Teel Plastics, Inc*.**, 724 F. Supp. 2d 941, 958 (W.D. Wis. 2010) (quoting** *Jenkins v. Barlett***, 487 F.3d 482, 492 (7th Cir. 2007)).**

47.     While Vander Steeg had full control of Lux, he forcefully tossed Lux over his hip, slamming Lux face first into the street. (Lux Aff., ¶36-37); (Nettles Aff., ¶28-30).

**RESPONSE: Objection. This Proposed Fact is not material to the County Defendants' Motion because it does not "'affect the outcome of the suit [against Deputy Johnson] under the governing law . . . .'"** *Felton v. Teel Plastics, Inc*.**, 724 F. Supp. 2d 941, 958 (W.D. Wis. 2010) (quoting** *Jenkins v. Barlett***, 487 F.3d 482, 492 (7th Cir. 2007)).**

**Further object on the basis that whether Vander Steeg had "control" of Lux's arms is speculative and conclusory and these types of allegations will not suffice to defeat**

summary judgment. *Gobitz v. Corvilla, Inc*., 196 F.3d 879, 882 (7th Cir. 1999); *Eisenstadt v. Centel Corp*., 113 F.3d 738, 742 (7th Cir. 1997); *see also Mills v. First Federal Savings & Loan*, 83 F.3d 833, 840 (7th Cir. 1996); *Felton v. Teel Plastics, Inc*., 724 F. Supp. 2d 941, 958 (W.D. Wis. 2010) (A plaintiff cannot "defeat a motion for summary judgment simply by claiming that facts are disputed.").

48.     Lux landed on his face, chest, and stomach. (Lux Aff., ¶36-37); (Nettles Aff., ¶28-30).

**RESPONSE: Objection. This Proposed Fact is not material to the County Defendants' Motion because it does not "'affect the outcome of the suit [against Deputy Johnson] under the governing law . . . .'"** *Felton v. Teel Plastics, Inc*., 724 F. Supp. 2d 941, 958 (W.D. Wis. 2010) (quoting *Jenkins v. Barlett*, 487 F.3d 482, 492 (7th Cir. 2007)).

49.     Lux's arm was bleeding from being slammed into the street. (Nettles Aff., ¶32).

**RESPONSE: Objection. This Proposed Fact is not material to the County Defendants' Motion because it does not "'affect the outcome of the suit [against Deputy Johnson] under the governing law . . . .'"** *Felton v. Teel Plastics, Inc*., 724 F. Supp. 2d 941, 958 (W.D. Wis. 2010) (quoting *Jenkins v. Barlett*, 487 F.3d 482, 492 (7th Cir. 2007)).

50.     At the time Vander Steeg slammed Lux into the street, Lux was not resisting or struggling in any way. (Lux Aff., ¶24, 31, 35); (Nettles Aff., ¶26-30).

**RESPONSE: Objection. This Proposed Fact is not material to the County Defendants' Motion because it does not "'affect the outcome of the suit [against Deputy Johnson] under the governing law . . . .'"** *Felton v. Teel Plastics, Inc*., 724 F. Supp. 2d 941, 958 (W.D. Wis. 2010) (quoting *Jenkins v. Barlett*, 487 F.3d 482, 492 (7th Cir. 2007)).

51. Vander Steeg's body camera turned off seconds before he slammed Lux into the street. (Lang Aff, ¶3, Ex. A, Vander Steeg Body Cam at 1:48).

**RESPONSE: Objection. This Proposed Fact is not material to the County Defendants' Motion because it does not "'affect the outcome of the suit [against Deputy Johnson] under the governing law . . . .'"** *Felton v. Teel Plastics, Inc.*, **724 F. Supp. 2d 941, 958 (W.D. Wis. 2010) (quoting** *Jenkins v. Barlett*, **487 F.3d 482, 492 (7th Cir. 2007)).**

52. After being slammed into the street, Lux's face was directly in a puddle of water next to the street curb. (Lux Aff., ¶38-41); (Nettles Aff., ¶32-37).

**RESPONSE: Objection. This Proposed Fact is not material to the County Defendants' Motion because it does not "'affect the outcome of the suit [against Deputy Johnson] under the governing law . . . .'"** *Felton v. Teel Plastics, Inc.*, **724 F. Supp. 2d 941, 958 (W.D. Wis. 2010) (quoting** *Jenkins v. Barlett*, **487 F.3d 482, 492 (7th Cir. 2007)). Further, object to this Proposed Fact on the basis that it is vague and ambiguous as to time and duration.**

53. Vander Steeg placed his knee on Lux's back and began to handcuff Lux while his face was in a puddle struggling to breathe. (Lux Aff., ¶38-41); (Nettles Aff., ¶32-37).

**RESPONSE: Objection. This Proposed Fact is not material to the County Defendants' Motion because it does not "'affect the outcome of the suit [against Deputy Johnson] under the governing law . . . .'"** *Felton v. Teel Plastics, Inc.*, **724 F. Supp. 2d 941, 958 (W.D. Wis. 2010) (quoting** *Jenkins v. Barlett*, **487 F.3d 482, 492 (7th Cir. 2007)).**

54. At this time, Lux was not resisting or struggling. (Lux Aff., ¶38-41); (Nettles Aff., ¶32-37).

**RESPONSE: Objection. This Proposed Fact is not material to the County Defendants' Motion because it does not "'affect the outcome of the suit [against Deputy Johnson] under the governing law . . . .'"** *Felton v. Teel Plastics, Inc.*, **724 F. Supp. 2d 941, 958 (W.D. Wis. 2010) (quoting** *Jenkins v. Barlett*, **487 F.3d 482, 492 (7th Cir. 2007)).**

55.     Lux would remain on the ground face down in a puddle for approximately ten minutes. (Lux Aff., ¶49); (Nettles Aff., ¶32-37;56-57).

**RESPONSE: Objection. This Proposed Fact is not material to the County Defendants' Motion because it does not "'affect the outcome of the suit [against Deputy Johnson] under the governing law . . . .'"** *Felton v. Teel Plastics, Inc.*, **724 F. Supp. 2d 941, 958 (W.D. Wis. 2010) (quoting** *Jenkins v. Barlett*, **487 F.3d 482, 492 (7th Cir. 2007)).**

56.     Lux stated multiple times while he was on the ground that he could not breathe and struggled to keep his mouth and nose out of the puddle. (Lux Aff., ¶38-40, 45, 47-48); (Nettles Aff., ¶32-37, 53-55).

**RESPONSE: Objection. This Proposed Fact is not material to the County Defendants' Motion because it does not "'affect the outcome of the suit [against Deputy Johnson] under the governing law . . . .'"** *Felton v. Teel Plastics, Inc.*, **724 F. Supp. 2d 941, 958 (W.D. Wis. 2010) (quoting** *Jenkins v. Barlett*, **487 F.3d 482, 492 (7th Cir. 2007)).**

57.     After Lux was slammed to the ground, other officers arrived on the scene. (Lux Aff., ¶44); (Nettles Aff., ¶38).

**RESPONSE: Objection. This Proposed Fact is not material to the County Defendants' Motion because it does not "'affect the outcome of the suit [against Deputy Johnson] under the governing law . . . .'"** *Felton v. Teel Plastics, Inc.*, **724 F. Supp. 2d 941, 958 (W.D. Wis. 2010) (quoting** *Jenkins v. Barlett*, **487 F.3d 482, 492 (7th Cir. 2007)). Subject**

to the objection, undisputed that other officers arrived on scene at some point. **Further object to this Proposed Fact on the basis that it is vague and ambiguous as to whether Deputy Johnson was one of the "other officers" who arrived on scene.**

<u>Officer Zens slams Nettles' face into a squad car</u>

58.     As Vander Steeg kept Lux face down in the puddle, Nettles became concerned that Lux could drown. (Lux Aff., ¶44); (Nettles Aff., ¶33-38).

**RESPONSE: Objection. This Proposed Fact is not material to the County Defendants' Motion because it does not "'affect the outcome of the suit [against Deputy Johnson] under the governing law . . . .'"** *Felton v. Teel Plastics, Inc.***, 724 F. Supp. 2d 941, 958 (W.D. Wis. 2010) (quoting** *Jenkins v. Barlett***, 487 F.3d 482, 492 (7th Cir. 2007)).**

59.     Officer Zens arrived on the scene and briefly assisted with holding Lux on the ground while Lux's face was directly in a puddle of water. Lux was not resisting at this time. (Nettles Aff., ¶38-40).

**RESPONSE: Objection. This Proposed Fact is not material to the County Defendants' Motion because it does not "'affect the outcome of the suit [against Deputy Johnson] under the governing law . . . .'"** *Felton v. Teel Plastics, Inc.***, 724 F. Supp. 2d 941, 958 (W.D. Wis. 2010) (quoting** *Jenkins v. Barlett***, 487 F.3d 482, 492 (7th Cir. 2007)).**

60.     When he arrived on the scene, Officer Zens did not have his body camera on. (Lang Aff., ¶4, Ex. B., Body Camera Footage of Officer Zens at 0:01-2:51).

**RESPONSE: Objection. This Proposed Fact is not material to the County Defendants' Motion because it does not "'affect the outcome of the suit [against Deputy Johnson] under the governing law . . . .'"** *Felton v. Teel Plastics, Inc.***, 724 F. Supp. 2d 941, 958 (W.D. Wis. 2010) (quoting** *Jenkins v. Barlett***, 487 F.3d 482, 492 (7th Cir. 2007)).**

61.     Nettles began recording Vander Steeg's treatment of Lux. (Lux Aff., ¶44); (Nettles Aff., ¶38).

**RESPONSE: Objection. This Proposed Fact is not material to the County Defendants' Motion because it does not "'affect the outcome of the suit [against Deputy Johnson] under the governing law . . . .'" *Felton v. Teel Plastics, Inc.*, 724 F. Supp. 2d 941, 958 (W.D. Wis. 2010) (quoting *Jenkins v. Barlett*, 487 F.3d 482, 492 (7th Cir. 2007)).**

62.     An officer yelled "phone, phone" and Officer Zens ran from Lux towards Nettles. (Lux Aff., ¶44); (Nettles Aff., ¶41).

**RESPONSE: Objection. This Proposed Fact is not material to the County Defendants' Motion because it does not "'affect the outcome of the suit [against Deputy Johnson] under the governing law . . . .'" *Felton v. Teel Plastics, Inc.*, 724 F. Supp. 2d 941, 958 (W.D. Wis. 2010) (quoting *Jenkins v. Barlett*, 487 F.3d 482, 492 (7th Cir. 2007)).**

63.     Officer Zens instructed Nettles to place his arms behind his back. (Nettles Aff., ¶42).

**RESPONSE: Objection. This Proposed Fact is not material to the County Defendants' Motion because it does not "'affect the outcome of the suit [against Deputy Johnson] under the governing law . . . .'" *Felton v. Teel Plastics, Inc.*, 724 F. Supp. 2d 941, 958 (W.D. Wis. 2010) (quoting *Jenkins v. Barlett*, 487 F.3d 482, 492 (7th Cir. 2007)).**

64.     Nettles was simply recording the interaction between Vander Steeg and Lux when Zens grabbed him. (Nettles Aff., ¶38-44).

**RESPONSE: Objection. This Proposed Fact is not material to the County Defendants' Motion because it does not "'affect the outcome of the suit [against Deputy**

Johnson] under the governing law . . . .'" *Felton v. Teel Plastics, Inc*., 724 F. Supp. 2d 941, 958 (W.D. Wis. 2010) (quoting *Jenkins v. Barlett*, 487 F.3d 482, 492 (7th Cir. 2007)).

65.     Zens had control of Nettles' arms and moved him near a squad car. (Nettles Aff., ¶42-46).

**RESPONSE: Objection. This Proposed Fact is not material to the County Defendants' Motion because it does not "'affect the outcome of the suit [against Deputy Johnson] under the governing law . . . .'" *Felton v. Teel Plastics, Inc*., 724 F. Supp. 2d 941, 958 (W.D. Wis. 2010) (quoting *Jenkins v. Barlett*, 487 F.3d 482, 492 (7th Cir. 2007)).**

66.     Nettles did not resist, struggle, or pull his arms away from Zens. (Nettles Aff., ¶42-46).

**RESPONSE: Objection. This Proposed Fact is not material to the County Defendants' Motion because it does not "'affect the outcome of the suit [against Deputy Johnson] under the governing law . . . .'" *Felton v. Teel Plastics, Inc*., 724 F. Supp. 2d 941, 958 (W.D. Wis. 2010) (quoting *Jenkins v. Barlett*, 487 F.3d 482, 492 (7th Cir. 2007)).**

67.     Once over by the squad car, Zens had control of Nettles arms. (Nettles Aff., ¶42-46).

**RESPONSE: Objection. This Proposed Fact is not material to the County Defendants' Motion because it does not "'affect the outcome of the suit [against Deputy Johnson] under the governing law . . . .'" *Felton v. Teel Plastics, Inc*., 724 F. Supp. 2d 941, 958 (W.D. Wis. 2010) (quoting *Jenkins v. Barlett*, 487 F.3d 482, 492 (7th Cir. 2007)).**

68.     Officer Zens then proceeded to slam Nettles face into the squad car with Vander Steeg standing by. (Nettles Aff., ¶47-50). (Lang Aff., ¶5, Ex. C, Body cam footage of Deputy Johnson at 1:04-1:12).

**RESPONSE: Objection. This Proposed Fact is not material to the County Defendants' Motion because it does not "'affect the outcome of the suit [against Deputy Johnson] under the governing law . . . .'"** *Felton v. Teel Plastics, Inc.***, 724 F. Supp. 2d 941, 958 (W.D. Wis. 2010) (quoting** *Jenkins v. Barlett***, 487 F.3d 482, 492 (7th Cir. 2007)). Deputy Johnson testified that he never saw Nettles' face or any part of Nettles touch the squad car. (Deputy Richard Johnson Deposition Transcript 35:17-25; 36:1, Docket No. 35-1.)**

**Further object on the basis that it is clear from Deputy Johnson's body camera footage that Nettles' head was not "smashed" into the vehicle at the time Deputy Johnson was present.** *See Scott v. Harris***, 550 U.S. 372, 380 (2007);** *Horton v. Pobjecky***, 883 F.3d 941, 944 (7th Cir. 2018) ("when video footage firmly settles a factual issue, there is no genuine dispute about it, and we will not indulge stories clearly contradicted by the footage.");** *see also Carnaby v. City of Houston***, 636 F.3d 183, 187 (5th Cir. 2011) ("[W]e assign greater weight, even at the summary judgment stage, to the facts evident from video recordings taken at the scene.").**

**Moreover, object to this Proposed Fact on the basis that it is not supported by admissible evidence, as the only evidence cited in support of this Proposed Fact other than Deputy Johnson's body camera footage is Nettles' Affidavit, which lacks the foundational personal knowledge required to attest to what Deputy Johnson did or did not see.** *See* **Fed. R. Civ. P. 56(c)(4).**

69.    Nettles face made direct contact with the squad car and was so forceful that Nettles glasses fell off his face and his front tooth chipped in half. (Nettles Aff., ¶47-50). (Lang Aff., ¶5, Ex. C, Body cam footage of Deputy Johnson at 1:04-1:12).

**RESPONSE: Objection. This Proposed Fact is not material to the County Defendants' Motion because it does not "'affect the outcome of the suit [against Deputy Johnson] under the governing law . . . .'"** *Felton v. Teel Plastics, Inc.*, **724 F. Supp. 2d 941, 958 (W.D. Wis. 2010) (quoting** *Jenkins v. Barlett*, **487 F.3d 482, 492 (7th Cir. 2007)). Deputy Johnson testified that he never saw Nettles' face or any part of Nettles touch the squad car. (Deputy Richard Johnson Deposition Transcript 35:17-25; 36:1, Docket No. 35-1.)**

**Further object on the basis that it is clear from Deputy Johnson's body camera footage that Nettles' head was not "smashed" into the vehicle at the time Deputy Johnson was present.** *Scott v. Harris*, **550 U.S. 372, 380 (2007);** *Horton v. Pobjecky*, **883 F.3d 941, 944 (7th Cir. 2018) ("when video footage firmly settles a factual issue, there is no genuine dispute about it, and we will not indulge stories clearly contradicted by the footage.");** *see also Carnaby v. City of Houston*, **636 F.3d 183, 187 (5th Cir. 2011) ("[W]e assign greater weight, even at the summary judgment stage, to the facts evident from video recordings taken at the scene.").**

**Moreover, object to this Proposed Fact on the basis that it is not supported by admissible evidence, as the only evidence cited in support of this Proposed Fact other than Deputy Johnson's body camera footage is Nettles' Affidavit, which lacks the foundational personal knowledge required to attest to what Deputy Johnson did or did not see.** *See* **Fed. R. Civ. P. 56(c)(4).**

70. Nettles was not resisting or pulling his arm away from the officer when he slammed Nettles face into the squad car breaking his tooth. (Nettles Aff., ¶47-50). (Lang Aff., ¶5, Ex. C, Body cam footage of Deputy Johnson at 1:04-1:12).

**RESPONSE: Objection. This Proposed Fact is not material to the County Defendants' Motion because it does not "'affect the outcome of the suit [against Deputy Johnson] under the governing law . . . .'"** *Felton v. Teel Plastics, Inc.*, **724 F. Supp. 2d 941, 958 (W.D. Wis. 2010) (quoting** *Jenkins v. Barlett*, **487 F.3d 482, 492 (7th Cir. 2007)). Deputy Johnson testified that he never saw any part of Nettles touch the squad car. (Dkt. 35, Deputy Richard Johnson Deposition Transcript 35:17-25; 36:1.)**

**Further object on the basis that it is clear from Deputy Johnson's body camera footage that Nettles' head was not "slammed" into the vehicle at the time Deputy Johnson was present.** *Scott v. Harris*, **550 U.S. 372, 380 (2007);** *Horton v. Pobjecky*, **883 F.3d 941, 944 (7th Cir. 2018) ("when video footage firmly settles a factual issue, there is no genuine dispute about it, and we will not indulge stories clearly contradicted by the footage.");** *see also Carnaby v. City of Houston*, **636 F.3d 183, 187 (5th Cir. 2011) ("[W]e assign greater weight, even at the summary judgment stage, to the facts evident from video recordings taken at the scene.").**

**Moreover, object to this Proposed Fact on the basis that it is not supported by admissible evidence, as the only evidence cited in support of this Proposed Fact other than Deputy Johnson's body camera footage is Nettles' Affidavit, which lacks the foundational personal knowledge required to attest to what Deputy Johnson did or did not see.** *See* **Fed. R. Civ. P. 56(c)(4).**

71.    After slamming Nettles head into the squad car, Nettles was handcuffed. (Nettles Aff., ¶51). (Lang Aff., ¶5, Ex. C, Body cam footage of Deputy Johnson at 1:04-1:12).

**RESPONSE: Objection. This Proposed Fact is not material to the County Defendants' Motion because it does not "'affect the outcome of the suit [against Deputy**

Johnson] under the governing law . . . .'" *Felton v. Teel Plastics, Inc*., 724 F. Supp. 2d 941, 958 (W.D. Wis. 2010) (quoting *Jenkins v. Barlett*, 487 F.3d 482, 492 (7th Cir. 2007)). Deputy Johnson testified that he never saw any part of Nettles touch the squad car. (Dkt. 35, Deputy Richard Johnson Deposition Transcript 35:17-25; 36:1.)

Further object on the basis that it is clear from Deputy Johnson's body camera footage that Nettles' head was not "slammed" into the vehicle at the time Deputy Johnson was present. *Scott v. Harris*, 550 U.S. 372, 380 (2007); *Horton v. Pobjecky*, 883 F.3d 941, 944 (7th Cir. 2018) ("when video footage firmly settles a factual issue, there is no genuine dispute about it, and we will not indulge stories clearly contradicted by the footage."); *see also Carnaby v. City of Houston*, 636 F.3d 183, 187 (5th Cir. 2011) ("[W]e assign greater weight, even at the summary judgment stage, to the facts evident from video recordings taken at the scene.").

72. After slamming Nettles' head into the squad car and handcuffing Nettles, Officer Zens finally turned his body camera on. (Lang Aff., ¶4, Ex. B, Body cam footage of Officer Zens at 0:01-2:51.)

RESPONSE: Objection. This Proposed Fact is not material to the County Defendants' Motion because it does not "'affect the outcome of the suit [against Deputy Johnson] under the governing law . . . .'" *Felton v. Teel Plastics, Inc*., 724 F. Supp. 2d 941, 958 (W.D. Wis. 2010) (quoting *Jenkins v. Barlett*, 487 F.3d 482, 492 (7th Cir. 2007)). Further object on the basis that it is clear from Deputy Johnson's body camera footage that Nettles' head was not "smashed" into the vehicle at the time Deputy Johnson was present. *Scott v. Harris*, 550 U.S. 372, 380 (2007); *Horton v. Pobjecky*, 883 F.3d 941, 944 (7th Cir. 2018) ("when video footage firmly settles a factual issue, there is no genuine dispute about

it, and we will not indulge stories clearly contradicted by the footage."); *see also Carnaby v. City of Houston*, 636 F.3d 183, 187 (5th Cir. 2011) ("[W]e assign greater weight, even at the summary judgment stage, to the facts evident from video recordings taken at the scene.").

73.     At this time, Nettles could see that Lux was still face down in a puddle next to the curb and plead with officers to get him out of the puddle. (Nettles Aff., ¶53-45). (Lang Aff., ¶4, Ex. B, Body cam footage of Officer Zens at 0:30-0:43).

**RESPONSE: Objection. This Proposed Fact is not material to the County Defendants' Motion because it does not "'affect the outcome of the suit [against Deputy Johnson] under the governing law . . . .'"** *Felton v. Teel Plastics, Inc*., **724 F. Supp. 2d 941, 958 (W.D. Wis. 2010) (quoting** *Jenkins v. Barlett*, **487 F.3d 482, 492 (7th Cir. 2007)).**

**Moreover, object to this Proposed Fact on the basis that it is not supported by admissible evidence, as the only evidence cited in support of this Proposed Fact other than Officer Zens' body camera footage is Nettles' Affidavit, which lacks the foundational personal knowledge required to attest to what Deputy Johnson did or did not see.** *See* **Fed. R. Civ. P. 56(c)(4).**

74.     Lux did not attempt to move from his position Vander Steeg placed him in out of fear that Vander Steeg would further injury him. (Lux Aff., ¶46).

**RESPONSE: Objection. This Proposed Fact is not material to the County Defendants' Motion because it does not "'affect the outcome of the suit [against Deputy Johnson] under the governing law . . . .'"** *Felton v. Teel Plastics, Inc*., **724 F. Supp. 2d 941, 958 (W.D. Wis. 2010) (quoting** *Jenkins v. Barlett*, **487 F.3d 482, 492 (7th Cir. 2007)).**

75. Vander Steeg rolled Lux further into the puddle before eventually lifting him off the street. (Lux Aff., ¶45, 48-49); (Nettles Aff., ¶36, 53-57); (Lang Aff., ¶4, Body cam footage of Zens at 0:36-0:44).

**RESPONSE: Undisputed. Deputy Johnson's body camera footage depicts Vander Steeg rolling Lux's face into a puddle for approximately 6 seconds while he frisked him before Deputy Johnson rolled Lux's face away from the puddle. (Dkt. 39, Johnson Body Camera Video 2:45:00-2:52:00.) Deputy Johnson was physically near Lux while his face was in a puddle for, at most, only six seconds. (*Id.*)**

76. Both Lux and Nettles were then placed into squad cars and arrested. (Lux Aff., ¶49); (Nettles Aff., ¶60).

**RESPONSE: Undisputed.**

77. During the approximately ten minutes Lux struggled to breathe and was forced to remain face down in a puddle of water, Vander Steeg and Zens failed to assist Lux out of the puddle. (Lux Aff., ¶49); (Nettles Aff., ¶57-59); (Lang Aff., ¶5, Ex. C, Body cam footage of Deputy Johnson at 1:02-3:17).

**RESPONSE: Objection. This Proposed Fact is not material to the County Defendants' Motion because it does not "'affect the outcome of the suit [against Deputy Johnson] under the governing law . . . .'" *Felton v. Teel Plastics, Inc.*, 724 F. Supp. 2d 941, 958 (W.D. Wis. 2010) (quoting *Jenkins v. Barlett*, 487 F.3d 482, 492 (7th Cir. 2007)). Further object to this Proposed Fact on the basis that the cited video evidence does not depict Lux struggling to breathe for ten minutes, and the cited evidence does not show that Deputy Johnson was even on the scene for ten minutes before both Plaintiffs were arrested.**

78.     Deputy Johnson failed to assist Lux out of the puddle for over a minute while he was on the scene. (Lang Aff., ¶5, Ex. C, Body cam footage of Deputy Johnson at 1:02-3:17).

**RESPONSE: Objection. Deputy Johnson's body camera footage shows Johnson arriving on scene when Lux was already on the ground near the squad car and Nettles was against the squad car with both Vander Steeg and Zens, and Deputy Johnson first assisted the officers by telling a bystander to stand back. (Dkt. 39, Johnson Body Camera Video, 1:06:00-1:12:00.) Later, Vander Steeg rolled Lux's face into a puddle for approximately 6 seconds while he frisked him before Deputy Johnson rolled Lux's face away from the puddle and assisted him to his feet. (Dkt. 39, Johnson Body Camera Video 2:45:00-2:52:00.) Deputy Johnson was physically near Lux while his face was in a puddle for, at most, only six seconds. (*Id.*); *see also Scott v. Harris*, 550 U.S. 372, 380 (2007); *Horton v. Pobjecky*, 883 F.3d 941, 944 (7th Cir. 2018) ("when video footage firmly settles a factual issue, there is no genuine dispute about it, and we will not indulge stories clearly contradicted by the footage."); *Carnaby v. City of Houston*, 636 F.3d 183, 187 (5th Cir. 2011) ("[W]e assign greater weight, even at the summary judgment stage, to the facts evident from video recordings taken at the scene.").**

**Further object on the basis that this Proposed Fact is conclusory, and conclusory allegations will not suffice to defeat summary judgment. *Gobitz v. Corvilla, Inc.*, 196 F.3d 879, 882 (7th Cir. 1999); *Eisenstadt v. Centel Corp.*, 113 F.3d 738, 742 (7th Cir. 1997); *see also Mills v. First Federal Savings & Loan*, 83 F.3d 833, 840 (7th Cir. 1996); *Felton v. Teel Plastics, Inc.*, 724 F. Supp. 2d 941, 958 (W.D. Wis. 2010) (A plaintiff cannot "defeat a motion for summary judgment simply by claiming that facts are disputed.").**

79.     When Zens slammed Nettles' head into the squad car, Vander Steeg failed to intervene to stop each other from this use of force. (Nettles Aff., ¶57-59). (Lang Aff., ¶5, Ex. C, Body cam footage of Deputy Johnson at 1:02-3:17).

**RESPONSE: Objection. This Proposed Fact is not material to the County Defendants' Motion because it does not "'affect the outcome of the suit [against Deputy Johnson] under the governing law . . . .'"** *Felton v. Teel Plastics, Inc.***, 724 F. Supp. 2d 941, 958 (W.D. Wis. 2010) (quoting** *Jenkins v. Barlett***, 487 F.3d 482, 492 (7th Cir. 2007)).**

**Further object on the basis that this Proposed Fact is conclusory, and conclusory allegations will not suffice to defeat summary judgment.** *Gobitz v. Corvilla, Inc.***, 196 F.3d 879, 882 (7th Cir. 1999);** *Eisenstadt v. Centel Corp.***, 113 F.3d 738, 742 (7th Cir. 1997);** *see also Mills v. First Federal Savings & Loan***, 83 F.3d 833, 840 (7th Cir. 1996);** *Felton v. Teel Plastics, Inc.***, 724 F. Supp. 2d 941, 958 (W.D. Wis. 2010) (A plaintiff cannot "defeat a motion for summary judgment simply by claiming that facts are disputed.").**

80.     Deputy Johnson witnessed both Lux face down in a puddle struggling to breathe and witnessed Zens slam Nettles face into the squad car. (Lang Aff., ¶5, Ex. C, Body cam footage of Deputy Johnson at 1:02-3:17).

**RESPONSE: Objection. Johnson's body camera footage depicts Vander Steeg rolling Lux's face into a puddle for approximately 6 seconds while he frisked him before Deputy Johnson rolled Lux's face away from the puddle. (Dkt. 39, Johnson Body Camera Video 2:45:00-2:52:00.) Johnson was physically near Lux while his face was in a puddle for, at most, only six seconds. (***Id.***) Further object on the basis that Deputy Johnson testified that he never saw any part of Nettles touch the squad car, and his body camera footage unequivocally corroborates his testimony. (Johnson Dep. Tr. at 36:3-4);** *Scott v.*

*Harris*, 550 U.S. 372, 380 (2007); *Horton v. Pobjecky*, 883 F.3d 941, 944 (7th Cir. 2018) ("when video footage firmly settles a factual issue, there is no genuine dispute about it, and we will not indulge stories clearly contradicted by the footage."); *see also Carnaby v. City of Houston*, 636 F.3d 183, 187 (5th Cir. 2011) ("[W]e assign greater weight, even at the summary judgment stage, to the facts evident from video recordings taken at the scene.").

Further object on the basis that Plaintiffs do not have personal knowledge of what Deputy Johnson witnessed. Fed. R. Civ. P. (c)(4). Speculation and conclusory allegations will not suffice to defeat summary judgment. Further object on the basis that this Proposed Fact is conclusory, and conclusory allegations will not suffice to defeat summary judgment. *Gobitz v. Corvilla, Inc*., 196 F.3d 879, 882 (7th Cir. 1999); *Eisenstadt v. Centel Corp*., 113 F.3d 738, 742 (7th Cir. 1997); *see also Mills v. First Federal Savings & Loan*, 83 F.3d 833, 840 (7th Cir. 1996); *Felton v. Teel Plastics, Inc*., 724 F. Supp. 2d 941, 958 (W.D. Wis. 2010) (A plaintiff cannot "defeat a motion for summary judgment simply by claiming that facts are disputed.").

81.    Deputy Johnson failed to intervene to assist Lux out of the puddle where he was struggling to breath. (Lux Aff., ¶49); (Nettles Aff., ¶57-59); (Lang Aff., ¶5, Ex. C, Body cam footage of Deputy Johnson at 1:02-3:17).

**RESPONSE:**

**Objection. Johnson's body camera footage depicts Vander Steeg rolling Lux's face into a puddle for approximately 6 seconds while he frisked him before Deputy Johnson rolled Lux's face away from the puddle. (Dkt. 39, Johnson Body Camera Video 2:45:00-2:52:00.) Johnson was physically near Lux while his face was in a puddle for, at most, only six seconds. (*Id*.) Further object on the basis that Deputy Johnson testified that he never**

saw any part of Nettles touch the squad car, and his body camera footage unequivocally corroborates his testimony. (Johnson Dep. Tr. at 36:3-4); *Scott v. Harris*, 550 U.S. 372, 380 (2007); *Horton v. Pobjecky*, 883 F.3d 941, 944 (7th Cir. 2018) ("when video footage firmly settles a factual issue, there is no genuine dispute about it, and we will not indulge stories clearly contradicted by the footage."); *see also Carnaby v. City of Houston*, 636 F.3d 183, 187 (5th Cir. 2011) ("[W]e assign greater weight, even at the summary judgment stage, to the facts evident from video recordings taken at the scene.").

Further object on the basis that Plaintiffs do not have personal knowledge of what Deputy Johnson witnessed. Fed. R. Civ. P. (c)(4). Speculation and conclusory allegations will not suffice to defeat summary judgment. Further object on the basis that this Proposed Fact is conclusory, and conclusory allegations will not suffice to defeat summary judgment. *Gobitz v. Corvilla, Inc*., 196 F.3d 879, 882 (7th Cir. 1999); *Eisenstadt v. Centel Corp*., 113 F.3d 738, 742 (7th Cir. 1997); *see also Mills v. First Federal Savings & Loan*, 83 F.3d 833, 840 (7th Cir. 1996); *Felton v. Teel Plastics, Inc*., 724 F. Supp. 2d 941, 958 (W.D. Wis. 2010) (A plaintiff cannot "defeat a motion for summary judgment simply by claiming that facts are disputed.").

82.    Deputy Johnson failed to intervene or stop Zens from slamming Nettles head into the squad car and instead grabbed Nettles arm. (Lux Aff., ¶49); (Nettles Aff., ¶57-59); (Lang Aff., ¶5, Ex. C, Body cam footage of Deputy Johnson at 1:02-3:17).

**RESPONSE:**

**Objection. Deputy Johnson testified that he never saw any part of Nettles touch the squad car, and his body camera footage unequivocally corroborates his testimony. (Johnson Dep. Tr. at 36:3-4); *Scott v. Harris*, 550 U.S. 372, 380 (2007); *Horton v. Pobjecky*,**

883 F.3d 941, 944 (7th Cir. 2018) ("when video footage firmly settles a factual issue, there is no genuine dispute about it, and we will not indulge stories clearly contradicted by the footage."); *see also Carnaby v. City of Houston*, 636 F.3d 183, 187 (5th Cir. 2011) ("[W]e assign greater weight, even at the summary judgment stage, to the facts evident from video recordings taken at the scene.").

Further object on the basis that Plaintiffs do not have personal knowledge of what Deputy Johnson witnessed. Fed. R. Civ. P. (c)(4). Speculation and conclusory allegations will not suffice to defeat summary judgment. Further object on the basis that this Proposed Fact is conclusory, and conclusory allegations will not suffice to defeat summary judgment. *Gobitz v. Corvilla, Inc*., 196 F.3d 879, 882 (7th Cir. 1999); *Eisenstadt v. Centel Corp*., 113 F.3d 738, 742 (7th Cir. 1997); *see also Mills v. First Federal Savings & Loan*, 83 F.3d 833, 840 (7th Cir. 1996); *Felton v. Teel Plastics, Inc*., 724 F. Supp. 2d 941, 958 (W.D. Wis. 2010) (A plaintiff cannot "defeat a motion for summary judgment simply by claiming that facts are disputed.").

83.     Deputy Johnson was on scene for each of these events but failed to intervene or stop them from occurring. (Lux Aff., ¶49); (Nettles Aff., ¶57-59); (Lang Aff., ¶5, Ex. C, Body cam footage of Deputy Johnson at 1:02-3:17).

**RESPONSE: Objection. This Proposed Fact is vague and ambiguous in its reference to "these events . . . ." Further, this Proposed Fact is not supported by the cited testimony. Johnson testified that he never saw any part of Nettles touch the squad car, and his body camera footage unequivocally corroborates his testimony. (Johnson Dep. Tr. at 36:3-4.)**

**Further object on the basis that it is clear that Nettles' head was not "smashed" into the vehicle at the time Johnson was present. *Scott v. Harris*, 550 U.S. 372, 380 (2007);**

*Horton v. Pobjecky*, 883 F.3d 941, 944 (7th Cir. 2018) ("when video footage firmly settles a factual issue, there is no genuine dispute about it, and we will not indulge stories clearly contradicted by the footage."); *see also Carnaby v. City of Houston*, 636 F.3d 183, 187 (5th Cir. 2011) ("[W]e assign greater weight, even at the summary judgment stage, to the facts evident from video recordings taken at the scene.").

Johnson's body camera footage depicts Vander Steeg rolling Lux's face into a puddle for approximately 6 seconds while he frisked him before Deputy Johnson rolled Lux's face away from the puddle. (Dkt. 39, Johnson Body Camera Video 2:45:00-2:52:00.) Johnson was physically near Lux while his face was in a puddle for, at most, only six seconds. (*Id*.)

Further object on the basis that this Proposed Fact is conclusory, and conclusory allegations will not suffice to defeat summary judgment. *Gobitz v. Corvilla, Inc*., 196 F.3d 879, 882 (7th Cir. 1999); *Eisenstadt v. Centel Corp*., 113 F.3d 738, 742 (7th Cir. 1997); *see also Mills v. First Federal Savings & Loan*, 83 F.3d 833, 840 (7th Cir. 1996); *Felton v. Teel Plastics, Inc*., 724 F. Supp. 2d 941, 958 (W.D. Wis. 2010) (A plaintiff cannot "defeat a motion for summary judgment simply by claiming that facts are disputed.").

84.     About a year prior to the September 20, 2018, incident Lux and Vander Steeg had previously encountered each other. (Lux Aff., ¶50-51).

**RESPONSE: Objection.** This Proposed Fact is not material to the County Defendants' Motion because it does not "'affect the outcome of the suit [against Deputy Johnson] under the governing law . . . .'" *Felton v. Teel Plastics, Inc*., 724 F. Supp. 2d 941, 958 (W.D. Wis. 2010) (quoting *Jenkins v. Barlett*, 487 F.3d 482, 492 (7th Cir. 2007)).

85. Vander Steeg improperly searched Lux and issued him a citation. (Lux Aff., ¶50-51).

**RESPONSE: Objection. This Proposed Fact is not material to the County Defendants' Motion because it does not "'affect the outcome of the suit [against Deputy Johnson] under the governing law . . . .'" *Felton v. Teel Plastics, Inc.*, 724 F. Supp. 2d 941, 958 (W.D. Wis. 2010) (quoting *Jenkins v. Barlett*, 487 F.3d 482, 492 (7th Cir. 2007)).**

86. The citation Vander Steeg issued Lux was eventually dismissed. (Lux Aff., ¶50-51).

**RESPONSE: Objection. This Proposed Fact is not material to the County Defendants' Motion because it does not "'affect the outcome of the suit [against Deputy Johnson] under the governing law . . . .'" *Felton v. Teel Plastics, Inc.*, 724 F. Supp. 2d 941, 958 (W.D. Wis. 2010) (quoting *Jenkins v. Barlett*, 487 F.3d 482, 492 (7th Cir. 2007)).**

CRIVELLO CARLSON, S.C.
Attorneys for Defendants, Walworth County and Deputy Richard Johnson

BY:   s/ Micaela E. Haggenjos
SAMUEL C. HALL, JR.
State Bar No. 1045476
BENJAMIN A. SPARKS
State Bar No. 1092405
MICAELA E. HAGGENJOS
State Bar No.  1118840
CRIVELLO CARLSON, S.C.
710 N. Plankinton Avenue, Suite 500
Milwaukee, WI  53203
Phone: (414) 271-7722
Fax: (414) 271-4438
E-mail:   shall@crivellocarlson.com
bsparks@crivellocarlson.com
mhaggenjos@crivellocarlson.com